Richard R. Best
Judith A. Weinstock
Maureen Peyton King
United States Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
212-336-0111 (King)
kingmp@sec.gov
Attorneys for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 15 2021 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 21-mc-_____ |
| v. | |
| STEVEN SEAGAL, | |
| Defendant. | |

### APPLICATION TO ENFORCE A COMMISSION ORDER

Plaintiff United States Securities and Exchange Commission (the "Commission") applies to the Court for a Judgment so that the Commission may enforce its order. In support of its Application, the Commission states as follows:

### SUMMARY

1. The Commission seeks a Judgment pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act") so that it may enforce the Commission's order entered against Defendant Steven Seagal ("Seagal") on February 27, 2020 (the "Order"). The Commission's Order is attached to the Declaration of Maureen Peyton King in support of this Application ("King Decl.") at Ex. 1.

2. The Order found that Seagal—a well-known Hollywood actor and producer—touted on social media a security that was being offered and sold in an initial coin offering ("ICO") without disclosing, in violation of the federal securities law, that the issuer was paying him for the promotions. *Id.*

3. The Order required Seagal to pay, pursuant to an installment plan, disgorgement of $157,000, prejudgment interest of $16,448.76, and a civil money penalty in the amount of $157,000. *Id.*

4. Seagal has not paid the entire amount he owes to the Commission. Thus, the Commission seeks a Judgment to aid in the collection of these amounts from Seagal. *See e.g. Federal Debt Collection Procedures Act* 28 U.S.C. §§ 3201-3206 (post-judgment collection statutes for penalties); Federal Rules of Civil Procedure 69 (post-judgment discovery).

5. As Defendant plans to sell real property at a reported price of $3.4 million, the need for a Judgment is particularly urgent. King Decl. ¶7, Ex. 3.

## PARTIES

1. **The Commission** is an agency of the United States Government. The Commission's principal office is located at 100 F Street, NE, Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street, Room 400, New York, New York 10281-1022.

2. **Seagal** is a well-known Hollywood actor and producer, and a resident of Moscow, Russia. King Decl. Ex. 1.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this Application under Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c).

4. Venue lies in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1391(c)(3) collectively. 15 U.S.C. § 77v states that an "action may be brought in the district wherein the defendant…transacts business, or in the district where the offer or sale took place, if the defendant participated therein…." 28 U.S.C. § 1391(c)(3) states that "[f]or all venue purposes - a defendant not resident in the United States may be sued in any judicial district…." Since Seagal resides in Russia, venue is appropriately found in the Eastern District of New York. Further, Seagal's touts, which linked to related defendants' false and misleading statements were made to the public at large in this District and several victims of Defendants' fraudulent conduct reside in, and invested in Bitcoiin2Gen from within, this District. King Decl. ¶18.

## RELEVANT FACTS

### A. The Commission's Action

5. The Order found that from approximately February 12, 2018 through March 6, 2018 (the "Relevant Period"), Seagal touted on social media a security that was being offered and sold in an ICO without disclosing that the issuer was paying him for the promotions. Seagal's failure to disclose this compensation violated Section 17(b) of the Securities Act, which makes it unlawful for any person to promote a security without fully disclosing the receipt and amount of such consideration. King Decl. Ex. 1.

6. At that time, Seagal had approximately 107,000 Twitter followers and 6.7 million Facebook followers. King Decl. Ex. 1.

7. Seagal resides in Russia. King Decl. Ex. 1.

8. Seagal offered to settle charges with the Commission. As part of the offer, attached here, Seagal waived, among other things, "Judicial Review by any court." King Decl. Ex. 2, Part V.

9. The Commission's Order directed Seagal, pursuant to an installment plan, to disgorge $157,000, plus prejudgment interest of $16,448.76, such prejudgment interest continuing to accrue on funds owed until they are paid, and to pay a civil money penalty in the amount of $157,000 to the Commission. King Decl. Ex. 1.

10. The installment plan required periodic payments over 330 days. Seagal has paid only $75,000 – the remainder is now delinquent and accruing interest daily. King Decl. Ex. 1, ¶ 7.

11. A recent media report states that Seagal is selling his Arizona mansion for $3.4 million. King Decl. Ex. 3.

12. To the extent there are available proceeds from the sale, the Commission can lien those proceeds pursuant to a Judgment.

13. Seagal's attorney in the SEC case ended his representation and instructed the SEC team to send letters and communications to Seagal via Alan Tivoli, Seagal's business manager at the following email address: ativoli@otpmgt.com.

14. Tivoli's contact information indicates that OPTGMT is in California. King Decl. Ex. 4.

15. On June 2, 2021, Commission counsel emailed notice that it intends to institute an action seeking a Judgment to Seagal at: ativoli@otpmgt.com. King Decl. ¶ 15.

## CLAIM FOR RELIEF

16. Paragraphs 1 through 15, inclusive, are incorporated by reference.

17. The Commission brings this action seeking a Judgment against Seagal requiring him to comply with the Commission Order by paying the disgorgement, prejudgment interest and penalty he owes.

18.     To obtain judicial enforcement of its orders, the Commission must bring proceedings pursuant to the applicable sections of the securities laws, here, Section 20(c) of the Securities Act, which grants the district court the authority to enter an order compelling compliance with the Commission's Order.

19.     Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

> Upon application of the Commission, the district courts of the United States and the United States Courts of any Territory shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof.

20.     Whether to enter Judgment against Seagal pursuant to the applicable statutes is the only issue appropriately before this Court.

21.     The Second Circuit and each of the applicable securities acts, the Securities Act, the Exchange Act and the Advisers Act, set forth the review process for an administrative proceeding. Essentially, when the Commission commences an administrative proceeding over which an ALJ presides, "[t]hat proceeding is subject to two layers of review: A party that loses before the ALJ may petition for *de novo* review by the Commission, and a party that loses before the Commission may petition for review by a federal court of appeals." *Tilton v. S.E.C.*, 824 F.3d 276, 278 (2d Cir. 2016).

22.     Section 9 of the Securities Act, 15 U.S.C. § 77i, provides a clear review process for Commission orders. "Any person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals of the United States, within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such Court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or be set aside in whole or in part.... The jurisdiction of the court shall be exclusive and its judgment and decree, affirming,

modifying, or setting aside, in whole or in part, any order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28."

23. Seagal has not appealed. In any event, Seagal offered to settle charges with the Commission. As part of the offer, attached here, Seagal waived, among other things, "Judicial Review by any court." King Decl. Ex. 2, Part V.

24. Moreover, the merits of the ALJ's decision cannot be reviewed in this proceeding. As the *Gerasimowicz* Court, faced with whether to enter Judgment on a Commission order, explains:

> The merits of the ALJ's decision cannot be reviewed in this proceeding....substantive objections cannot provide a basis for refusing the SEC's request for an enforcement order because litigants are precluded from challenging the validity of SEC orders in enforcement proceedings initiated pursuant to Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act. *See S.E.C. v. Pinchas,* 421 F.Supp.2d 781, 783 (S.D.N.Y. 2006) ("To the extent defendant asks this Court to reconsider the propriety of the ... action taken by the SEC ..., such re-examination is precluded by the administrative regime explicitly mandated by Congress."); *see also S.E.C. v. McCarthy,* 322 F.3d 650, 658 (9th Cir. 2003) ("By the time a § 21(e) application is filed by the [SEC], the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order."). This is so because "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals." *Pinchas,* 421 F.Supp.2d at 783 (citations and internal quotation marks omitted); *see also* 15 U.S.C. §§ 77i(a), 78y(a) (conferring exclusive jurisdiction over appeals from SEC final orders entered pursuant to the Securities Act and Exchange Act on the United States Courts of Appeals); *Altman v. S.E.C.,* 768 F.Supp.2d 554, 558 (S.D.N.Y. 2011) (recognizing that Courts of Appeals have exclusive jurisdiction over the appeals initiated by those aggrieved by SEC orders) *aff'd, Altman v. S.E.C.,* 687 F.3d 44 (2d Cir. 2012) (per curiam).

*S.E.C. v. Gerasimowicz,* 9 F.Supp.3d 378, 381 (S.D.N.Y. 2014).

25. These proceedings are ordinarily commenced by an order to show cause. *See, e.g., SEC v. Gerasimowicz,* 9 F. Supp.3d 378 (S.D.N.Y. March 25, 2014); *SEC v. Coronati,* 2016 WL 6462261 (E.D.N.Y. Nov. 1, 2016) (initiated with an Order to Show Cause). These

proceedings are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007).

26. If the Court enters the Order to Show Cause, the Commission will be required to serve Seagal.

27. Federal Rule of Civil Procedure 4(e)(1) addresses domestic service. The Rule states that an individual "may be served in a judicial district of the United States" by, among other means, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

28. "In New York, service of process may be effected by: (1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service. *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (citing N.Y. C.P.L.R. §§ 308(1)-(4)).

29. New York's C.P.L.R. § 308(3), which permits service on an agent, should apply here because Seagal's now former counsel designated Mr. Tivoli as Seagal's point of contact going forward.

30. Thus, the Court should deem Tivoli Seagal's agent and permit the Commission to serve Tivoli personally pursuant to New York's C.P.L.R. § 308(3).

WHEREFORE, the Commission respectfully requests:

**I.**

That this Court enter an order, pursuant to Section 20(c) of the Securities Act commanding Seagal to pay to the Commission the disgorgement, prejudgment interest and

penalty he owes plus applicable interest pursuant to 17 C.F.R. § 201.600 and 31 U.S.C. § 3717.

## II.

That the Court permit the Commission to serve the Order to Show Cause on Seagal's designated U.S. contact.

## III.

That the Court enter such other and further orders as may be necessary for enforcement of any order of this Court: (i) as to disgorgement and post-order interest thereon by civil contempt or other remedy as allowed by Rule 69 of the Federal Rules of Civil Procedure and (ii) as to penalty any remedy permitted by the Federal Debt Collection Procedures Act.

## IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## V.

That the Court order such other and further relief as may be just and proper.

Dated:     New York, New York
           June 14, 2021

Of Counsel:
Judith A. Weinstock
Maureen Peyton King

*Richard R. Best*
Richard R. Best
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
Tel.: 212-336-0111 (King)
E-mail: kingmp@sec.gov